OPINION of the Court, by
Ch. J. Boyle.
Coleman, having obtained a judgment at law again t Johr Edwards, sen. brought this suit in chancery to set aside a deed by which Edwards had conveyed to trustees for the use ot his wife and certain qi his children, a tract of land and sundry slaves, and prayed that the property so conveyed might be sold and applied to the discharge of said judgment, or so much thereof as would be sufficient lor that purpose.
Before the defendants had answered, the parties made iin agreed case, which in substance states : “ that on the-day of —--and previous to the commence* ment of this suit, said John Edwards, on the petition of the complainant, was by commissioners legally appointed, duly declared a bankrupt, agreeably to an act of congress entitled “ an act to establish an uniform system of bankruptcy throughout the United States,-” that the complainant, together with three others, were duly appointed assignees of said Edwards as a bankrupt} that the debt on which the complainant petitioned to have the said Edwards declared a bankrupt, is the same in the complainant’s bill mentioned, and for the recovery of which this suit was brought ; that the said debt was claimed and proven by the complainant before the assignees, and allowed by them so as to entitle him to a dividend of the said bankrupt estate ; that the property given up by said Edwards was insufficient to pay his debts; that the schedule of property given up by said Edwards under the commission of bankrupttv, does not contain the property in the deed of trust mentioned, and that said Edwards has obtained his certificate of discharge under the said bankrupt act.
It was agreed that if in this case the court should be of opinion, that the right of suit belonged to the assignees of the bankrupt, and not to the complainant, that the suit should abate ; but if the right of suit belonged to the coroplaiBantjthat then the defendants should .answer pyer.
*205 The court below being of opinion that the complainant had a right to maintain the suit, ordered the defendants to answer over, which they accordingly did, and on a final hearing of the cause, a decree was given for the complainant ; from, which the defendants appealed to this court.
The first question to be decided is, whether the complainant under the circumstances stated in the agreed case had a right to maintain this suit?
It is perfectly clear that the right of action c»not belong, both to the complainant and the assignees of the bankrupt, either jointly or severally, but must be vested in the one or the other exclusively. By the 6th and 13th sections of the bankrupt law, the commissioners are authorised to assign to the assignees the whole of the estate of the bankrupt, both real'and personal, tvhe-ther in possession or action ; and by the 17th section it is provided “ that if any person, prior to his or her becoming a bankrupt, shall convey to any of his or her children or other persons any lands or goods, or transfer his or her debts or demands into other persons5 names,with intent to defraud his or her creditors, the commissioners shall have power to assign the same in as effectual a manner as if the bankrupt had been seized or possessed thereof.” That the assignees have the sole and exclusive right to demand and sue for any part of the property thus vested in them, is obvious from the letter as well as the manifest spirit of the law : but it was contended in support of the complainant’s right to sue in this case, that the debt due to him from the bankrupt, being, as is alleged by the bill, the only one contracted by the bankrupt prior to the execution of the deed of trust, that the deed, though void as to him, was not so as it respected the other creditors ; and hence it was inferred that he had a lien upon the property mentioned in the deed of trust, which was not taken away by the bankrupt law, but on the contrary was expressly saved to* him by the 63d section of that law. Whether the deed of trust be void or not, need not on this branch of the subject be determined : but if void as to the complainant, it must be void as to the other creditors ; for a deed cannot be void as to one creditor and valid at tile '-aine time as to others. In the construction of the statutes of the 13th and 27th Elizabeth, which are similar *206 to our own upon the subject of fraudulent conveyances, it has been held that a gift made to deceive one creditor, is void against all creditors — See 3 Bac. 312. Had the deed of trust not been executed, the property therein mentioned would have been liable, as well to satisfy the other creditors as the complainant. The priority of Ins debt would have given him no advantage in right over the others : and if the deed be fraudulent and void, as to the creditors thtrproperty is still consist dered as remaining in the bankrupt, or become vested in the assignees, and subject to be disposed of in satisfaction of his debts, in the same manner as if the deed had never been executed. It seems evident therefore that the complainant had no lien which could have been either taken from him or saved to him by the act of congress, or which could give him any peculiar claim upon the property in question, exclusive of the other creditors of the bunkiupt. But it was further contended that the bankrupt had acted fraudulently in not having given up the property in the deed of trust mentioned to the commissioners, and had thereby forfeited' the privileges of a bankrupt; and hence it was inferred' that the complainant had, as an indb 'ídüal creditor, a right to sue for the property in question.
The premises assumed in this argument, do not seem to be warranted by the agreed case ; but granting the truth of the premises, the correctness of the conclusion is nevertheless inadmissible.
The privileges of a bankrupt consist in an allowance of a portion of the nett produce of his estate, and m an exemption of his person and the property which shall be so allowed him or which he may afterwards acquire, from a liability to any debt which might have been proven under the commission of bankruptcy. These pyi--vileges he forfeits by not making a full and candid disclosure of his estate, or by not deSieaning himself in other respects as required by the bankrupt law, But he is notwithstanding a bankrupt and his estate of every description, which he had at the time of his bankruptcy, remains vested in the assignees for the common benefit of the creditors ; and although the bankrupt may in his person and future acquirements be liable to the creditors individually, yet as to the estate vested in ⅜⅜⅛ assignees, it would- seem to follow from geneist *207 principles as well as from the .express provisions of the bankrupt law, that they alone Safe the right to sue for its recovery.
We are therefore of opinion t’pat the complainant hail no right to sue for the property in question, and that the, court below erred in ordering the defendants to answer.
As the assignees would not be bound by a decree in this case, it becomes unnecessary to investigate the merits.
Decree reversed, and the cause remanded that th* bill be dismissed with costs, &c.